**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**RICHARD FULLER** **PLAINTIFF**

**vs.** **CAUSE NO. 1:26-CV-11-GHD-DAS**

**UNITED OF OMAHA LIFE INSURANCE COMPANY** **DEFENDANT**

**ORDER**

Before the Court is Defendant United of Omaha Life Insurance Company's Motion to Stay Case Pending Outcome of Defendant's Dispositive Motion [17]. Plaintiff Richard Fuller has filed a response in opposition. Having considered the motion, response, reply, and the record before the Court, the Court finds that the motion should be denied.

United seeks a stay of all proceedings, including the deadlines established by the Case Management Order, pending resolution of its motion for summary judgment. United represents that its dispositive motion could resolve all claims in the action, that the underlying facts are undisputed, and that further discovery could result in unnecessary expense. United further notes that the parties have exchanged their initial disclosures and contends that additional discovery, including depositions and non-party discovery, could impose unnecessary costs.

A stay of discovery pending resolution of a dispositive motion is not automatic. The Court's discretion to stay proceedings is guided by whether the circumstances establish good cause for the requested relief. Courts consider such matters as the breadth of the discovery sought, the burden of responding to that discovery, and the strength of the dispositive motion. *See Moore v. North Bolivar Consolidated School District*, 2023 WL 4881911, at *1 (N.D. Miss. July 31, 2023); *Nationwide Mutual Insurance Co. v. Patel*, 2025 WL 978406, at *2 (S.D. Miss. Apr. 1, 2025).

Here, United has not made the particularized showing necessary to establish good cause for a stay. United identifies the possibility that the parties may incur additional expense through discovery,

including depositions and non-party discovery, but it does not identify particular discovery that would impose an undue burden or expense. The fact that discovery may require the parties to expend time and resources is not, standing alone, sufficient to warrant a stay.

The reasoning of *Patel* is instructive. There, the court considered a request to stay proceedings pending resolution of a dispositive motion and concluded that generalized assertions concerning the expense of discovery were insufficient to establish good cause. The court specifically observed that depositions and document requests concerning the parties are common in litigation and, without a showing that the anticipated discovery is uncommon or excessive, do not demonstrate undue burden. *Patel*, 2025 WL 978406, at *3.

The circumstances presented here do not provide a sufficient basis to reach a different conclusion. Although United asserts that its dispositive motion presents only questions of law that could resolve the entire case, Plaintiff disputes that characterization and contends that the motion implicates factual questions and, alternatively, that discovery is necessary under Rule 56(d). The Court need not resolve the merits of the pending dispositive motion in deciding the present motion to stay. At this stage, United has not demonstrated that the anticipated discovery is sufficiently burdensome or that the circumstances otherwise warrant suspending the proceedings in their entirety. Accordingly, the Court concludes that United has not established good cause for the requested stay.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Stay Case Pending Outcome of Defendant's Dispositive Motion [17] is **DENIED**.

**SO ORDERED**, this the 22nd day of September, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE